MOSGROVE and others *v.* KOUNTZE and others.

(*Circuit Court, D. Nebraska.* November Term, 1882.)

1. EQUITY—PRACTICE—SUPPLEMENTAL BILL.

Leave will not be granted after decree to file a supplemental bill for the purpose of setting up matters which might, by the use of due diligence, have been ascertained, and pleaded by way of amendment in the original suit.

2. SAME—CHANGING PARTIES.

The fact that the complainant desires to drop out of the case some of the parties defendant to the original bill, does not of itself give him the right to proceed by supplemental bill, especially when it appears that *such change of parties is not essential.*

3. REMOVAL OF CAUSE—JURISDICTION OF CIRCUIT COURT.

A circuit court of the United States has no jurisdiction of a case commenced in a state court on a contract by an assignee, and removed thence to said court, unless the action might have been brought originally in the circuit court by the assignor, and it is probable that a plea to the jurisdiction would be entertained in a supplemental proceeding.

Application for Leave to File a Supplemental Bill.

It appears from the record that about the year 1877 John I. Redick recovered a judgment in the district court for Douglas county, Nebraska, for about $2,500 against the Omaha & Northwestern Railroad Company, which judgment was afterwards assigned to one James E. Brown, who commenced a suit in equity in the district court of Burt county, Nebraska, against John A. Horback, Henry W. Yates Herman Kountze, Francis Smith, Frank Murphy, and Sally A. Horback, for the purpose of subjecting to the payment of said judgment certain real estate in the bill described.

The ground of the action was that the said respondents, some of them being directors of said railroad company, had entered into a contract with the company to construct a portion of the line of railway, which contract was contrary to public policy and void; and that they had received the land sought to be subjected as a part of the proceeds of said contract, and therefore held it in trust for the creditors of said company. It was in the original bill averred that the respondents had received

under said contract, besides the real estate then sought to be subjected, about 45,000 Burt county bonds, and some $16,000 per mile in bonds on the line of the railroad constructed, being about $112,000, which they had converted to their own use; but it was not sought by the original bill to do more than subject the real estate to the payment of said judgment.

Pending said suit, said James E. Brown departed this life, and the present complainants were substituted as his administrators.

A decree was rendered in favor of the complainants which reserved their right, in case the real estate should not sell for sufficient to pay the judgment, interest, and costs, to apply to the court for further relief in the premises. Complainants ask leave now to file a supplemental bill for the purpose of subjecting the personal property still remaining in the hands of said respondents as the proceeds of said illegal contract to the payment of the balance which is alleged to be due upon said judgment. This personal property is said to consist of the bonds and stock received by respondents as the fruits of said contract, or proceeds thereof, amounting to between $75,000 and $80,000.

The grounds upon which this leave is asked, as they appear in the supplemental bill, are, in substance, as follows:

(1) That it has been ascertained since the filing of the original bill that all the respondents in said original bill are not directors and trustees of said railroad company, and that the prayer of said original bill was not broad enough and sufficient to grant complainants such relief as has since been shown they were entitled to. (2) That it has since appeared by proof, and on trial of said cause, that the respondents hold in their possession the bonds above mentioned as the fruits of the contract above referred to. (3) That the complainants had no means of knowing, and did not know, at the time of the filing of the original bill, that the respondents held in their possession the proceeds of said bonds, which they had converted to their own use.

It is insisted by respondents that it appears from the record that the facts set forth in the supplemental bill might have been ascertained and pleaded by way of amendment to the original bill.

*Redick & Redick*, for complainants.

*J. D. Howe*, for respondents.

McCRARY, C. J. It is well settled that leave will not be granted, after decree, to file a supplemental bill for the purpose of setting up matters which might, by the use of due diligence, have been ascertained and pleaded by way of amendment in the original suit. This is conceded by the learned counsel for complainants, but they deny that there is anything in the record which was sufficient to bring

home to complainants notice of the facts now averred in time to have presented the same by way of amendment to the original bill. By reference to the foregoing statement it will be seen that the original bill itself alleged, among other things, that the respondents therein had received $45,000 in Burt county bonds, and $16,000 per mile in bonds on the line constructed, being about $112,000, which they have converted to their own use. It thus appears that at the time of filing the original bill the complainants had information which would have enabled them to pursue and subject the personal property, as well as the real estate, which defendants had received under said contract. It is said in answer to this suggestion, and it is in fact elsewhere alleged in the supplemental bill, that the complainant did not know, at the time of the filing of the original bill, that the respondents held the proceeds of said bonds, which they had converted to their own use, but the allegation of the original bill was precisely to this effect. It is there distinctly averred that the defendant held all the property received upon said contract in trust for the railroad company, the contract under which they obtained it being null and void.

It follows, therefore, that, even if we do not look beyond the allegations of the original bill, we have ample proof that the fact sought to be set up by way of supplemental bill was, or might have been, known to the complainants at the time the original suit was commenced. But, as already stated, it is sufficient if it appears that the facts sought to be set up by way of supplemental bill were known in time to have been presented by way of amendment to the original bill. It is not enough that they were not known when the original bill was filed.

By reference to the answer filed in the original cause it will be seen that the facts concerning the contract, and the receipt thereunder by defendants of the land, and of the county and railroad bonds above mentioned, were fully disclosed, and there is no allegation that the defendants had paid the same over to the railroad company, or had any purpose to do so. On the contrary, it appeared from the face of the answer, beyond question, that the defendants held said property, including both real estate and personal property, claiming the right to it, and denying any liability on their part to pay it over to the railroad company. In other words, the theory of their defense was that they did not hold it as trustees for the railroad company. The answer disclosed the fact (which appears to have been known to the complainants when the original bill was filed) that the defendant held

the personal property received under said contract in precisely the same way that they held the land, and thus the complainants were informed that they had the same right of recovery as to both. It appears, therefore, that the complainant chose to proceed against the real estate alone, doubtless upon the expectation that it would be entirely sufficient to satisfy his judgment. If in this he was mistaken it does not by any means follow that he can at this late day file a supplemental bill in the same case for the purpose of reaching other and different property. The fact that the complainant desires to drop out of the case some of the parties defendant to the original bill does not of itself give him the right to proceed by supplemental bill.

It does not appear that the plaintiff's right of recovery as to the personal property rests upon any different ground from that upon which he proceeded against the real estate. Therefore, the fact of his recovery in the original suit shows that a change of parties was not and is not essential.

I am of the opinion that the facts set forth in the supplemental bill in this case were sufficiently disclosed in the original bill and answer to have enabled the complainants to set them up by way of amendment before the replication in the original suit, and that, therefore, they cannot be presented now by way of supplemental bill; besides, it is clear that under the twenty-ninth rule in equity the court would have granted leave to amend even after replication in such a case as this. These considerations relieve the court from the necessity of considering a question of jurisdiction which might otherwise arise. It has been repeatedly held in this circuit that this court has no jurisdiction of a case commenced in a state court on a contract by an assignee, and removed thence to this court, unless the action might have been brought here originally by the assignor.

It is probable, I think, that, although it is now too late to raise the question as to the validity of the original proceedings and decree, the question of jurisdiction might be raised upon a supplemental bill, seeking to enlarge and extend the relief prayed, so as to include other property. The general rule is that a question of jurisdiction may be raised at any time, and as the original proceeding was wholly concluded, and a final decree rendered and fully executed, it seems probable that a plea to the jurisdiction would have to be entertained as against any supplemental proceedings. It is not, however, necessary to consider this point, nor even to determine whether the plea to the

original bill would have been good, as the present application must be disposed of on the other ground above discussed.

Let the order granting leave to complainants to file a supplemental bill be set aside, without prejudice to their right to bring an original bill for the same purpose.